Filed 8/12/26  P. v. Aguon CA4/1
# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D086769 |
| Plaintiff and Respondent, | (Super. Ct. No. SCD233469) |
| v. | |
| MICHAEL J. AGUON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County. Joan P. Weber, Judge.  Affirmed.

Michael Aguon, in pro. per., and William J. Capriola, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

In 2012, a jury convicted Michael J. Aguon of first degree murder (Pen. Code,[1] § 187).

The jury also found the offense was committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1) and that Aguon personally discharged a firearm causing death (§ 12022.53, subds. (d) and (e)(1).)

---

[1]     Further statutory references are to the Penal Code.

In 2013, the court sentenced Aguon to a total indeterminate term of 50 years to life in prison

Aguon appealed his convictions, and this court affirmed the judgment in an unpublished opinion (*People v. Aguon* (Mar. 30, 2015, D064367) [nonpub. opn.]).

In April 2024, Aguon filed a pro. per. petition for resentencing under section 1172.6. The trial court appointed counsel and received briefing. The court held a hearing to permit Aguon to try to state a prima facie case for resentencing under section 1172.6.

At the prima facie hearing the court reviewed the record of conviction, including the jury instructions and verdict forms used in the original trial in 2013. The court found the jury was not instructed on liability based on natural and probable consequences on the acts of another person, nor was the jury instructed on liability based on the felony murder rule. The court also found the record established that Aguon was the actual killer.

Based on the record from the jury trial, the court found Aguon was ineligible for relief under section 1172.6.

Aguon filed a timely notice of appeal from the denial of his petition for resentencing without first holding an evidentiary hearing.

Appellate counsel has filed a brief under the authority of *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*) indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to exercise its discretion to independently review the record for error as the court would do if this case was controlled by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We notified Aguon he could file his own brief on appeal. Aguon has filed a letter brief, which does not identify any potentially meritorious issues for reversal on appeal.

2

Aguon argues he is entitled to a new hearing on his petition for resentencing, based on changes in the law since the trial court ruled on his petition.  Aguon does not identify the changes he thinks would justify a new hearing.  This is not an appeal from the jury verdict in 2013.  Aguon does not identify any actions by the court at the hearing on the petition for resentencing.

## STATEMENT OF FACTS

Appellate counsel has provided a statement of facts from our opinion in the appeal from the jury trial.  This appeal is based on a different proceeding.  To the extent the factual summary of the earlier trial provides any useful background, we have already discussed that evidence in our opinion.

## DISCUSSION

As we have discussed, appellate counsel filed a brief under the authority of *Delgadillo*.  Counsel asks the court to exercise its discretion and independently review the record for error.  To assist the court in its review of this case and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*) counsel has identified a possible issue that was considered in evaluating the potential merits of this appeal:  whether the jury instruction used in this case and the verdict forms conclusively establish that Aguon is ineligible for relief under section 1172.6.

We have exercised our discretion and reviewed the record for error.  We have not discovered any potentially meritorious issues for reversal on appeal.  Competent counsel has represented Aguon on this appeal.

DISPOSITION

The order denying Aguon's petition for resentencing under

section 1172.6 is affirmed.

HUFFMAN, J.*

WE CONCUR:


McCONNELL, P. J.


KELETY, J.

---

* Retired Associate Justice of the Court of Appeal, Fourth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4